UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| J.H. PARKER CO., INC., PARKER'S SURRENCY #208, PARKER'S STERLING, PARKER'S PERRY LANE, PARKER'S PARK PALCE PARKER'S HINESVILLE EXPRESS, PARKER'S CRISPEN, PARKER'S CAUSEWAY #212, PARKER'S CATE, and PARKER'S ALTAMA #202,<br><br>　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES, and the UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>　　Defendants. | Case No.: 2:21-cv-82 |

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS plaintiffs J.H. Parker Co., Inc. and nine of its stores, Parker's Surrency #208, Parker's Sterling, Parker's Perry Lane, Parker's Park Place, Parker's Hinesville Express, Parker's Crispen, Parker's Causeway #212, Parker's Cate, and Parker's Altama #202 (collectively the "Plaintiffs") commenced this action on September 3, 2021, seeking to set aside Final Agency Decisions of the United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS") dated August 3, 2021, withdrawing Plaintiffs from the Supplemental Nutrition Assistance Program ("SNAP") for a minimum period of six months; and

WHEREAS the parties to this action desire to resolve all claims in the above-captioned action and all claims, causes of action, demands, administrative complaints, and Freedom of Information Act requests that Plaintiffs have, whether known or unknown, asserted or unasserted, formal or informal, arising from the conduct described in the Final Agency Decisions

dated August 3, 2021, and to obtain an order from this Court encompassing the terms of said settlement; and

WHEREAS, the parties voluntarily enter into this Stipulation and Order of Settlement to resolve the allegations contained in Plaintiffs' Complaint,

IT IS STIPULATED AND AGREED, by and between the parties, as follows:

1. This action is dismissed with prejudice and without costs, expenses, or attorney's fees. Plaintiffs agree that this Stipulation and Order of Settlement dismisses all pending or future actions, charges, complaints, class actions, appeals, inquiries, or other proceedings against USDA, FNS or any other Federal official, officer, or employee with respect to any matter that arose or could have arisen in connection with the subject matter of this litigation at any time prior to the date when the Court enters this Stipulation and Order of Settlement, under either Federal or State law, or the Constitution of the United States, in either a Federal or State court or any administrative forum. Plaintiffs further represent that they fully understand and agree that if any USDA and/or FNS representative, Federal agency, or Federal court, or State court assumes jurisdiction of any complaint or charge against USDA and/or FNS and/or their officials, officers, employees or anyone connected with USDA and/or FNS, regarding any matter related to the subject matter encompassed in this Stipulation and Order of Settlement, Plaintiffs shall requests such representative, agency or court to dismiss the matter.

2. In lieu of Plaintiffs' six-month withdrawal from the SNAP, Plaintiffs agree to pay FNS a civil money penalty totaling $20,000.00. Plaintiffs' payment shall be made within 30 calendar days after this Stipulation and Order of Settlement is entered by the Court. Plaintiffs' payment shall be made through Pay.gov with instructions provided to Plaintiffs in the

Bill for Collection – Standard Form 1114. Accepted payment methods through Pay.gov are bank account transfer (ACH), credit card and debit card.

   3. If Plaintiffs fail to make the payment referenced in paragraph 2 above when due, Plaintiffs shall be deemed in default of this Stipulation and Order of Settlement, and Plaintiffs agree that: (a) Parker's Surrency #208, Parker's Sterling, Parker's Perry Lane, Parker's Park Place, Parker's Hinesville Express, Parker's Crispen, Parker's Causeway #212, Parker's Cate, and Parker's Altama #202 will be immediately withdrawn from the SNAP for a minimum period of six months commencing the day after the due date of said civil money penalty payment and (b) Plaintiffs waive the right to administrative or judicial review of such withdrawal.

   4. Plaintiffs shall make the payments as provided in this Stipulation and Order of Settlement regardless of whether Parker's Surrency #208, Parker's Sterling, Parker's Perry Lane, Parker's Park Place, Parker's Hinesville Express, Parker's Crispen, Parker's Causeway #212, Parker's Cate, and/or Parker's Altama #202 continue to operate before, during or at the time when the payment is due.

   5. Plaintiffs further agree to comply with, and remain subject to, all applicable laws and regulations of the SNAP, including, but not limited to compliance store visits, as provided under Section 9 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2018 *et seq.*), and inspections and investigations (7 C.F.R. § 278.1 *et seq.*). Plaintiffs shall at all times abide by all applicable laws and regulations governing the SNAP, including, but not limited to, the requirements of stocking staple food items. FNS and/or its employees or agent(s) will conduct an in-person store visit to evaluate Plaintiffs' inventory and operations for compliance with SNAP requirements as soon as practicable in light of the coronavirus (COVID-19) pandemic.

6. The FNS hereby modifies its August 3, 2021 Final Agency Decisions withdrawing Parker's Surrency #208, Parker's Sterling, Parker's Perry Lane, Parker's Park Place, Parker's Hinesville Express, Parker's Crispen, Parker's Causeway #212, Parker's Cate, and Parker's Altama #202 from the SNAP for a minimum period of six months and instead imposes upon Plaintiffs the $20,000.00 civil money penalty as set forth herein, which is and shall be the sole penalty imposed upon Plaintiffs by Defendants arising out of or related to the August 3, 2021 Final Agency Decision. This Stipulation and Order of Settlement does not preclude USDA from taking any administrative action against Plaintiffs based on future conduct as permitted in the Food and Nutrition Act of 2008, as amended, the SNAP regulations, or any other applicable laws or regulations.

7. Plaintiffs acknowledge that they fully understand the waivers of rights set forth in this Stipulation and Order of Settlement and knowingly and voluntarily waive said rights after a full and complete opportunity to consult an attorney regarding said waivers and their meaning.

8. The parties acknowledge, understand, and agree that this Stipulation and Order of Settlement sets forth the entire agreement between the parties relating to the subject matter hereof.

9. This Stipulation and Order of Settlement shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors, and assigns. In exchange for the valuable consideration by and between the parties, and described fully in this Stipulation and Order of Settlement, Plaintiffs voluntarily agree for themselves and their heirs, executors, administrators, representatives (legal and personal) and assigns, that they shall indemnify and hold harmless, and fully and forever release and discharge, the United States,

4

USDA, and FNS (including all United States, USDA and/or FNS officials, officers, employees, agents, servants, instrumentalities, representatives, administrators, successors, and assigns), from any and all matters, issues, complaints, claims, actions, grievances, demands, damages, expenses, and liabilities of every kind or nature whatsoever, that Plaintiffs have raised, could have raised, or contemplated raising, arising directly or indirectly from any acts, omissions, incidents, or circumstances arising out of or relating to the subject matter of this litigation, up to and including the date when the Court enters this Stipulation and Order of Settlement.

10. It is contemplated that this Stipulation and Order of Settlement may be executed in several counterparts. All such counterparts and signature pages, together, shall be deemed to be one document. Executed duplicate, faxed, and electronic copies of this Stipulation and Order of Settlement shall represent originals and have the same force and effect as an original.

11. The signatures affixed to this Stipulation and Order of Settlement establish that the parties (a) have read this entire document; (b) have knowingly, voluntarily, and in good faith entered into this Stipulation and Order of Settlement; (c) have not been induced by or through fraud, misrepresentation, duress, threat, or coercion; (d) fully understand all terms and conditions described in this Stipulation and Order of Settlement; (e) agree with all terms and conditions described in this Stipulation and Order of Settlement; and (f) agree that any agents are fully authorized to sign and bind any principals to satisfy and perform the terms described in this Stipulation and Order of Settlement.

12. This Stipulation and Order of Settlement shall neither establish any precedent nor be used to justify similar terms in any subsequent appeal, complaint, claim, case,

or matter before any Federal Court(s) and/or State Court(s) and/or any other administrative or judicial body or forum.

13. This Stipulation and Order of Settlement shall not in any way constitute an admission or concession of liability, fault, or wrongdoing of any kind by Plaintiffs or the United States, USDA, FNS and/or any officials, officers, employees, agents, servants or instrumentalities of the Federal government. The parties enter into this Stipulation and Order of Settlement for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation, not for the purpose of assigning blame or validating the claim(s) made in the above-captioned matter, and/or other pending or contemplated claims dismissed, waived, withdrawn, and released in accordance with the terms of this Stipulation and Order of Settlement. The parties agree that this Stipulation and Order of Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

14. This Stipulation and Order of Settlement contains all the agreements among the parties and is intended to be and is the final and sole agreement among the parties relating to its subject matter. The parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in the Stipulation and Order of Settlement, whether written or oral, are of no legal or equitable force or effect. Any subsequent modification to this Stipulation and Order of Settlement must be in writing and be signed and executed by the parties.

15. If any paragraph, portion, or provision of this Stipulation and Order of Settlement is determined to be invalid, illegal, unenforceable or in conflict with the law of any

relevant jurisdiction, the validity, legality and enforceability of the rest and remained of this Stipulation and Order of Settlement shall remain in full force and effect.

    16.    This Court shall retain jurisdiction over this action to enforce this Stipulation and Order of Settlement.

Dated: October 26, 2021

By: /s/ Shawn A. Kachmar
Shawn A. Kachmar
Hunter, Maclean, Exley & Dunn, P.C.
*Attorney for Plaintiffs*
Georgia Bar No. 405723
200 East Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048

Dated: October 26, 2021

By: DAVID H. ESTES
ACTING U.S. ATTORNEY

/s/ O. Woelke Leithart
Idaho Bar No. 9257
Assistant United States Attorney
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
E-mail: Woelke.Leithart@usdoj.gov
*Attorney for Defendant*

SO ORDERED this 27 day of October, 2021.

_____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA